UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KINGY OSSARIUS HOLDEN                                                                    PLAINTIFF

V.                                               CIVIL ACTION NO.  3:20-CV-400-KHJ-LGI

WARDEN S. REISER                                                                          DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge LaKeysha Greer Isaac. [19]. That Report recommends that the Court dismiss Plaintiff Kingy Ossarius Holden's Petition for Writ of Habeas Corpus [1]. For the following reasons, the Court adopts this Report's findings and recommendation.

I.      Facts and Procedural History

Holden is currently in custody of the Federal Correctional Institute-Low in Yazoo City, Mississippi. [19] at 1. He is serving a term of imprisonment imposed by the United States District Court for the Northern District of Alabama for various crimes, including being a felon in possession of a firearm. *Id.* Holden petitions this Court for a writ of habeas corpus under the savings clause of 28 U.S.C. § 2255(e), challenging the legality of his felon-in-possession charge under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *See* Mem. in Support of Petition for Habeas Corpus [5] at 1–3.

The Magistrate Judge noted that the post-conviction relief provided under 28 U.S.C. § 2241 and § 2255 are distinct. [19] at 1. A petitioner may only bring a § 2241 habeas corpus claim under the savings clause of § 2255(e) if the § 2255 remedy would be "inadequate or ineffective to test the legality of [the petitioner's] detention." *Id.* at 2 (alteration in original) (emphasis omitted) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001)). To invoke the savings clause exception, the Magistrate Judge explained a petitioner must make the following showings: (1) the claim must be based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) the retroactively applicable decision established that the petitioner may have been convicted on a nonexistent offense. *Reyes-Requena*, 243 F.3d at 904. Holden asserted that he satisfied the *Reyes-Requena* factors because his felon-in-possession conviction is no longer valid under *Rehaif*. [5] at 1–3.

The Magistrate Judge rejected this argument, noting that Holden "has neither offered any evidence of lack of knowledge of his status as a convicted felon, nor has he even alleged that he was unaware of his felony status." [19] at 3. Holden thus failed to make his requisite showing that he may have been convicted on a nonexistent offense, and the Magistrate Judge recommended that Holden's petition be dismissed with prejudice for lack of jurisdiction. *Id.*

Holden challenged this Report with timely filed objections. [20].

II.   Standard

The Court reviews de novo the portions of the Magistrate's Report to which Holden objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)). The Court need not consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles*, 677 F.2d at 410 n.8). Further, "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).

III.   Analysis

Holden appears to raise two objections to the Report. First, Holden objects to the Magistrate Judge's interpretation of *Rehaif*. [20] at 2. He contends that *Rehaif* does not require him to show that he was unaware of his felony status at the time of his conviction to qualify for § 2255 relief. *Id.* Under Fifth Circuit case law, petitioners bear the burden of presenting evidence for each element of the *Reyes-Requena* factors. *Abram v. McConnell*, 3 F.4th 783, 785 (5th Cir. 2021). *Rehaif* petitioners must present evidence that they were unaware of their felony status when they were convicted. *Id.* at 786. As a result, a *Rehaif* petitioner will rarely be

able to meet this burden because "convicted felons typically know they[ are] convicted felons." *Id.* (citation omitted). The Court finds no error in the Magistrate Judge's interpretation of Holden's burden under *Rehaif* and Fifth Circuit case law.

Second, Holden objects to the Magistrate Judge's finding that he did not show he was unaware of his felony status. [20] at 2. He contends he made such an argument. *Id.* Even construing pro se objections liberally, the Fifth Circuit has held that "conclusory statements are insufficient, even for a pro se litigant." *Abram*, 3 F.4th, at 787. Holden entirely omits arguments that he lacked knowledge of his felony status in his petition. [1]; [5]. Thus, Holden fails to show that he was possibly convicted of a nonexistent offense.

The Court adopts all findings of fact and interpretations of law from the Report, and therefore finds that the Report and Recommendation should be adopted as the finding and the opinion of this Court. The Court denies the Petition for Writ of Habeas Corpus [1] dismisses this matter with prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [19] of United States Magistrate Judge LaKeysha Greer Isaac, entered in this cause should be, and the same is, adopted as the finding of this Court. A separate Final Judgment will issue this day.

SO ORDERED, this the 10th day of March, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
